# Commonwealth v. Barrett and Katzen, Appellant.

*Crimes—Larceny and receiving stolen goods—Indictment of codefendants—Conviction of one.*

In a joint prosecution of two defendants for larceny and receiving stolen goods, the fact that one of them was acquitted does not affect the case of the other, where it appears that the stolen article was found in the appellant's possession shortly after it had been taken from the prosecutrix. Under such circumstances a verdict of guilty will be sustained.

Argued October 23, 1919. Appeal, No. 113, Oct. T., 1919, by Reuben Katzen, from judgment of Q. S. Phila. Co., January Sessions, 1919, No. 188, on verdict of guilty in case of Commonwealth v. George Barrett and Reuben Katzen. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before SHULL, J.

The opinion of the Superior Court states the case.

The jury acquitted the appellant, Reuben Katzen, on the first count of the indictment and his codefendant, George Barrett, on both counts but found the appellant guilty on the second count, namely, that of receiving stolen goods, and, judgment of sentence was passed thereon.

*Errors assigned* were refusal to give binding instructions for defendant and refusal to grant a new trial.

*B. D. Oliensis,* and with him *L. Austin Wolfe,* for appellant.

. *Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, February 28, 1920:

The appellant and his codefendant, George Barrett, were jointly indicted on the charges of larceny and of receiving stolen goods. The testimony which associated them was confined to a very few minutes of time and was presented by a very few witnesses. The disputed facts were fairly and adequately presented to the jury by the trial judge, and there is no reversible ground for complaint either as to its submission to the jury or of the identification of this defendant as a receiver of the stolen pocketbook. The fact that his associate was found not guilty, is not material in the light of the stolen article being found in the defendant's possession so recently after it had been taken from the prosecutrix, or found, as alleged.

The judgment is affirmed, the record remitted, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has completed that part of the sentence which had not been performed at the time this appeal was made a supersedeas.